UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Julia Hsiuchin Derbin,

          Plaintiff,        Case No. 21-cv-12593

v.                                 Judith E. Levy
                                 United States District Judge
National Credit Systems, Inc., *et al.*,        Mag. Judge Curtis Ivy Jr.

          Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT EQUIFAX INFORMATION SERVICES LLC [23]

Before the Court is Plaintiff Julia Hsiuchin Derbin's motion to dismiss Defendant Equifax Information Services LLC ("Equifax") under Federal Rule of Civil Procedure 21. (ECF No. 23.) Equifax and the other Defendants named in the complaint—National Credit Systems, Inc., Urbcam Michigan, LLC, Experian Information Solutions, Inc., and Trans Union LLC—have not responded to or otherwise opposed Plaintiff's motion.

In her motion, Plaintiff asks that Equifax be dismissed due to a "situation . . . of inadvertent misjoinder." (*Id.* at PageID.289.) According

to Plaintiff, Equifax "has not answered and has waived formal service." (*Id.* at PageID.289, 292.) Plaintiff states that Defendants National Credit Systems, Inc. and Urbcam Michigan, LLC[1] have not asserted any claims against Equifax and would not be "prejudiced by the absence of Equifax in the present litigation." (*Id.* at PageID.290.) Plaintiff also states that "[i]n response to plaintiff's inquiry and circulation of this motion, no party expressed objections to the dismissal of Equifax." (*Id.*)

Defendants Urbcam Michigan, LLC, Experian Information Solutions, Inc., and Trans Union LLC have been dismissed from this case based on the parties' stipulations. (ECF Nos. 21, 22, 24, 25, 27, 28, 29.) Therefore, Equifax and National Credit Systems, Inc. are now the only remaining Defendants in the case.

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 "gives courts authority to dismiss a party from a lawsuit." *Taylor v. Gibson*, No. 3:20-CV-171-RLJ-HBG, 2020 WL 6546297, at *1 (E.D. Tenn. Nov. 6, 2020) (citing Fed. R. Civ. P.

---

[1] Prior to filing her motion, Plaintiff filed a stipulation of dismissal as to Trans Union LLC (ECF No. 21) as well as a stipulation of dismissal as to Experian Information Solutions, Inc. (ECF No. 22.)

2

21); *see Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (stating that "any action to eliminate . . . a party should be taken" under Rule 21); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("[T]he Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41." (citing *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008))).

"The grant or denial of a motion to bring in or to drop a party lies in the discretion of the judge." 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 1688 (3d ed. 2021) (footnote omitted). "In general, a motion to dismiss [under Rule 21] should be granted unless a defendant will suffer plain legal prejudice." *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015) (internal citation omitted).

Here, the Court finds that there has been no showing of prejudice to National Credit Systems, Inc. if Equifax were to be dismissed. Based

3

on Plaintiff's representations and the lack of prejudice to National Credit Systems, Inc., the dismissal of Equifax is appropriate.

Accordingly, Plaintiff's motion to dismiss Equifax (ECF No. 23) is GRANTED. Equifax is DISMISSED WITHOUT PREJUDICE and without an award of costs or fees to any party.

IT IS SO ORDERED.

Dated: March 2, 2022　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2022.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager